IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID GERKE,

        Plaintiff,

                                          Case No. 09-C-059

vs.

KOENECKE EQUIPMENT, INC.,

        Defendant.

**ORDER AND JUDGMENT**

WHEREAS on March 20, 2009, the above-captioned action came on for hearing before the Court, the Honorable Barbara B. Crabb presiding, on Plaintiffs' Motion for Entry of Default Judgment against the Defendant, Koenecke Equipment, Inc. Plaintiff appeared in person and by Hawks Quindel Ehlke & Perry, S.C., and Aaron N. Halstead. Defendant made no appearance, by counsel or otherwise;

WHEREAS the Court has considered the entire record in this action;

NOW THEREFORE, for the reasons stated in Plaintiff's March 3, 2009 motions for entry of default and for default judgment, and for those additional reasons stated on the record at the March 20, 2009 hearing on the motion for default judgment, it is hereby ORDERED that Plaintiff's motion for entry of default judgment is GRANTED.

IT IS HEREBY DECLARED that Judgment shall be, and the same hereby is, entered against Defendant and in favor of Plaintiff as follows:

1. At all material times, and during the statute of limitations applicable to this action, Plaintiff was Defendant's employee within the meaning of 29 U.S.C. § 203(e)(1) of the Fair Labor Standards Act.

2. At all material times, and during the applicable statute of limitations, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

3. At all material times, and during the applicable statute of limitations, Defendant suffered and permitted Plaintiff to work more than forty (40) hours per work week without paying Plaintiff overtime compensation.

4. Plaintiff was an employee entitled to payment of overtime compensation for work performed in excess of 40 hours per week, under the Fair Labor Standards Act.

5. Plaintiff is entitled to payment of his unpaid overtime wages, and to an equal amount as liquidated damages, under 29 U.S.C. § 216(b), and Defendant is hereby adjudged as liable to Plaintiff for the payment of those overtime wages and the corresponding liquidated damages.

6. Defendant knew of and showed a reckless disregard for its failure to pay Plaintiff overtime wages and, as such, under 29 U.S.C. § 255(a), Plaintiff is entitled to payment of overtime wages for the three-year period prior to the commencement of this action, namely, beginning on January 30, 2006.

7. Plaintiff is entitled to commence taking discovery of the Defendant, including production of the Defendant's pay records, in order to determine the precise

number of overtime hours he worked during the applicable statute of limitations.

8. Plaintiff shall provide a report to the Court, on or before June 1, 2009, indicating whether he is prepared for a hearing on damages and, if not, when he will be ready for such a hearing.

9. Plaintiff is entitled to his reasonable attorney's fees and to the statutory costs of action, all of which shall be determined by the Court following a hearing on damages.

So Ordered and Declared this _20th_ day of March 2009.

_Barbara B. Crabb_
Honorable Barbara B. Crabb
United States District Court
Western District of Wisconsin

Entered this _23d_ day of March, 2009.

_Peter Oppeneer_
Peter Oppeneer
Clerk of Court